UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SANTANNA BELLARD, individually,          CASE NO.  2:24-cv-01186
and on behalf of her minor child, J.B.

VERSUS                                   JUDGE JAMES D. CAIN, JR.

PERFORMANCE CONTRACTORS, INC.    MAGISTRATE JUDGE LEBLANC
and CITGO PETROLEUM
CORPORATION

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment on Behalf of Citgo Petroleum Corporation" (Doc. 23) filed by Defendant, Citgo Petroleum Corporation ("CITGO") wherein Defendant moves for judgment as a matter of law against Plaintiff, Santanna Bellard, individually, and on behalf of her minor child, J.B.

## BACKGROUND

Justin Bellard, Santanna Bellard's husband, was employed by Performance Contractors, Inc., and worked at the CITGO refinery in Calcasieu Parish, Louisiana. On June 27, 2023, Mr. Bellard was performing work in accordance with CITGO's project referred to as the Max Exports Project. He was performing hydro probing for this project when he began to complain of cramping. Medical personnel examined him and he was transported to a nearby medical facility to undergo drug and alcohol screening. While inside the facility's bathroom, Mr. Bellard collapsed. He was transported to West Calcasieu Cameron Hospital where he was later pronounced dead.

Page 1 of 6

CITGO and Performance had a Service Contract Agreement at the time of the incident. Pertinent to this motion, the CITGO/Performance Contract provides:

> "Statutory Employer. Notwithstanding anything to the contrary herein, in all cases where Contractor's employees (defined to include contractor's direct, borrowed, special or statutory employees) are covered by the Louisiana Worker's Compensation Act, La. R.S. 23:1021 et seq, Company and Contractor agree that all work and operations performed by Contractor and its employees pursuant to the Contract are an integral part of and are essential to the ability of Company to generate Company's goods, products and services for purposes of La R.S. 23:1061(A)(1). Furthermore, Company and Contractor agree that Company is the statutory employer of Contractor' employees for the purposes of La. R.S. 23:1061(A) (3). **Irrespective of Company's status as the statutory employer or special employer (as defined in La. R.S. 23:1061 (c)) of Contractor's employees, Contractor shall remain primarily responsible for the payment of Louisiana workers' compensation benefits to its employees, and shall not be entitled to seek contribution for any such payments from Company.**

Plaintiffs argue that CITGO and Performance's contract was not valid because of the above bolded provision of the contract. Therefore, Plaintiffs argue that CITGO shall not be recognized as a statutory employer in this case.

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## <u>LAW AND ANALYSIS</u>

CITGO argues that it was Justin Bellard's statutory employer, and thus the Louisiana Workers' Compensation Act is Plaintiffs' exclusive remedy for Justin's injuries and sudden death. Plaintiffs contend that because Performance did not have a valid contract with

CITGO that recognized CITGO as the statutory employer[1] under Louisiana Revised Statute 23:1061, CITGO is not immune from tort liability.

Under Louisiana Revised Statute 23:1061(A)(3), a statutory employer-employee relationship exists when the work performed for the principal is determined to be an integral or essential part of the principal's ability to generate goods, products, or services. *Prejean v. Maintenance Enterprises, Inc.*, 8 So. 3d 766, 771-72 (La. App. 4th Cir. 3/25/09), *writ denied*, 11 So. 3d 496 (La. 6/26/09). An employee's direct employer and his statutory employer are immune from tort liability under Louisiana Revised Statute 23:1061(A)(1).

First, there must be a written contract between the principal and contractor which establishes the principal as a statutory employer. Louisiana Revised Statute 23:1061(A)(3). When the written contract recognizes such a relationship there is a rebuttable presumption of the relationship, which may only be overcome by showing that the work is not an integral or essential part of the principal's business. La. R.S. 23:1061(A)(3). Additionally, there is no statutory employer relationship if the contract between the principal and the contractor limits the principal's unconditional obligation as a statutory employer under 23:1061. *Prejean*, 8 So.3d at 766.

CITGO relies on the reasoning in *Smith v. Marathon Ashland Petroleum LLC*, 887 So.2d 613 (La. App. 5 Cir. 10/26/04), wherein the Court approved the following language to grant immunity from tort liability:

---

[1] A statutory employer is a principal that undertakes work as part of his trade, business, or occupation, and contracts with another (the contractor) to undertake some or all the work undertaken by the principal. La. R.S. 23:1061(A)(1).

> "Irrespective of company's status either as the statutory employer or as the special employer (as defined in La. R.S. 23:1031(C)) of contractor's employees, regardless of any other relationship or alleged relationship between the parties employees, contractor shall be and remain at all times primarily responsible for the payment of Louisiana Workers' Compensation Benefits to its employees, and neither contractor nor its underwriters shall be entitled to seek contribution for any such payments from company."

The statutory employer provision at issue here is as follows:

> "Irrespective of Company's status as the statutory employer or special employer (as defined in La. R.S. 23:1061 (c)) of Contractor's employees, Contractor shall remain primarily responsible for the payment of Louisiana workers' compensation benefits to its employees, and shall not be entitled to seek contribution for any such payments from Company.

Plaintiffs argue that there is no statutory employer relationship because the provision in the written contract, which holds Performance primarily responsible for the payment of Louisiana compensation benefits, makes the contract invalid. However, Plaintiffs have failed to recognize that contractual language identical to the CITGO/Performance Contract has been consistently upheld. *Taylor v. CITGO Petroleum Corp.*, 2012 WL 3707480, at *3 (W.D. La. Aug. 24, 2012) (citing *Berthelot v. Murphy Oil, Inc.*, 2010 WL 103871 (E.D. La. Jan. 7, 2010)). The court in *Taylor*, distinguishing *Prejean*, reasoned that the specific contractual language in *Prejean* placed an undue burden on the employee by requiring that the employee first prove that his direct employer was unable to pay before being able to move onto the merits of the case. Here, the case is different because there is no such language that would place this burden on the employee. Therefore, Plaintiffs' reliance on *Prejean* is misplaced.

Finally, it is permissible for the principal and direct employer to contract their rights and responsibilities amongst themselves. *Prejean,* 8 So. 3d at 775. The CITGO/Performance Contract only negotiates responsibility amongst CITGO and Performance and creates no additional burden on the employee. The provision that holds Performance primarily liable for workers' compensation benefits is an indemnification issue, which is not before this Court. *Berthelot*, 2010 WL 103871, at *8.

Here, the contractual language is almost exactly the same as that in the *Smith* case. The Court finds that the subject contractual language does not limit CITGO's unconditional obligation as a statutory employer under 23:1061. In this case, the CITGO/Performance Contract clearly and unambiguously establishes CITGO as a statutory employer; therefore, Plaintiff has failed to overcome the presumption of the relationship.

## **CONCLUSION**

For the reasons explained herein the Court will grant the Motion for Summary Judgment (Doc. 23) and dismiss Plaintiff's tort liability claims against CITGO with prejudice.

**THUS DONE AND SIGNED** in chambers on this 18th day of June, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**